IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE STEWART, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-04387 |
| | § | |
| CITY OF ARCOLA, | § | |
|     Defendant. | § | |

## CITY OF ARCOLA'S MOTION TO DISMISS

The City moves to dismiss Plaintiff's original complaint under FED. R. CIV. P. 12(b)(6) due to Plaintiff's failure to state a claim upon which relief may be granted against the City. In support, the City would show the following:

## CERTIFICATE OF CONFERENCE

1. On December 21, 2023, the City's counsel conferred with Plaintiff's counsel by letter in accordance with the Court's rules Section 7(P) regarding Plaintiff's pleading deficiencies. Exhibit 1. Plaintiff did not respond, and Plaintiff has not filed an amended complaint curing the deficiencies the City identified.

## PLAINTIFF'S FACTUAL ALLEGATIONS

2. The City employed Plaintiff as a police officer.

3. The only statements – and non-conclusory allegation – Plaintiff identifies is Mayor Fred Burton referred to Plaintiff as the overweight lover. As Plaintiff admits, this comment related to Plaintiff's weight.

4. On December 14, 2021, the City fired Plaintiff for insubordination and unprofessionalism.

132642103.1

## STATEMENT OF THE ISSUES

5. Whether Plaintiff's allegations state a plausible claim of sex discrimination under Title VII.

6. Whether Plaintiff's allegations state a plausible claims of sexual harassment under Title VII.

7. Whether Plaintiff's allegations state a plausible claim of retaliation under Title VII.

## SUMMARY OF THE ARGUMENT

8. Plaintiff fails to allege facts to support a prima facie case of discrimination based on sex. Specifically, Plaintiff fails to allege *facts* that show the city discriminated against Plaintiff based on a protected classification under Title VII. Moreover, Plaintiff fails to allege *facts* that show Plaintiff was qualified for the position Plaintiff held, and that Plaintiff was treated differently than an individual outside of Plaintiff's protected class who, like Plaintiff, was insubordinate and acted unprofessionally while on duty.

9. Plaintiff also fails to allege *facts* that show Plaintiff engaged in protected activity under Title VII because Plaintiff's only non-conclusory allegation shows Plaintiff's complaint was about Plaintiff's weight, a non-protected classification under Title VII. Moreover, assuming *arguendo*, Plaintiff engaged in protected activity – which Plaintiff did not – other than Plaintiff offering general and conclusory allegations to support Plaintiff's subject beliefs, Plaintiff fails to allege *facts* showing the City fired Plaintiff because Plaintiff engaged in protected activity.

## ARGUMENT AND AUTHORITIES

### A. Standard of Review

10. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, *Browder v. Golden Corral Corp*., No. 4:22-cv-2786, 2023 U.S. Dist. LEXIS

132642103.1

154545, at *2 (S.D. Tex. Aug. 31, 2023) (Hanen, J.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Pena v. City of Rio Grande City,* 879 F.3d 613, 618 (5th Cir. 2018). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007).

**B. Plaintiff fails to allege facts showing any alleged adverse employment action was based on a protected classification.**

11. At the outset, Plaintiff fails to allege facts showing any adverse employment action Plaintiff suffered was based on any of Plaintiff 's numerous cited protected characteristic, including Plaintiff's sex. "Title VII does not prohibit all verbal or physical harassment in the workplace." *Oncale v. Sundowner Offshore Servs*., 523 U.S. 75, 80 (1998) (internal quotations omitted). Moreover, "Title VII does not set forth a general civility code for the American workplace." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (internal quotations omitted).

12. Plaintiff alleges Mayor Burton called Plaintiff "the overweight lover," which Plaintiff admits referred to Plaintiff's weight. But, weight is not a protected classification under Title VII. *Armstrong v. City of Dall*., 997 F.2d 62, 67 n.19 (5th Cir. 1993); *EEOC v. Delta Air Lines, Inc*., Civil Action No. 74-H-918., 1980 U.S. Dist. LEXIS 16105, at *5 (S.D. Tex. Dec. 5, 1980) (Sterling, J.); *Smith v. Progressive Stamping & Plating, Inc*., No. 05-1262, 2006 U.S. Dist. LEXIS 46082, at *12 (W.D. La. July 7, 2006); *Flores v. Harlingen Consol. Indep. Sch. Dist*., No. B-07-

121, 2007 U.S. Dist. LEXIS 107895, at *7 (S.D. Tex. Nov. 2, 2007) (Tagle, J.). As this Court, Judge Hanen presiding, held, "[Plaintiff] has not alleged that the harassment was based on a protected characteristic and therefore fails to state a prima facie case of sex discrimination under Title VII." *Young-Trezvant v. Lone Star Coll. Sys.*, No. 4:23-CV-1695, 2023 U.S. Dist. LEXIS 193413, at *13 (S.D. Tex. Oct. 27, 2023) (Hanen, J.).

13. Plaintiff's allegations that Mayor Burton made "sexually inappropriate comments" and "sexually-charged comments" are conclusory and merely recite Plaintiff's subjective belief that any comment was based on Plaintiff's gender. "A plaintiff's subjective beliefs and conclusory allegations regarding sex discrimination [as Plaintiff offers here] are insufficient to support a finding of discrimination." *Howard v. Jacobs Eng'g, Inc.,* 716 F. Supp. 2d 510, 524 (S.D. Tex. 2008) (Ellison, J.). Where, as here, Plaintiff fails to offer *factual allegations* regarding what the alleged comment was, or the circumstances around which comment was made, Plaintiff's allegations are impossibly conclusory "because [Plaintiff's allegations] do[] not allow the Court to evaluate the content of the alleged comment . . . this allegation is insufficient to state a claim." *Holden v. Perkins*, No. 20-2143, 2020 U.S. Dist. LEXIS 207954, at *10 (E.D. La. Nov. 6, 2020) (emphasis added).

C.  **Plaintiff fails to state a claim for sex discrimination under Title VII.**

14. To prove "sex discrimination under Title VII requires that a plaintiff show the following: (1) that [s]he belongs to a protected class, (2) that [s]he was qualified for the position, (3) that [s]he suffered an adverse employment action, and (4) that [s]he was replaced with a similarly qualified person who was not a member of the protected class or that similarly situated employees were treated more favorably." *Rodriguez v. Brownsville Indep. Sch. Dist.*, No. 1:16-CV-00157, 2017 U.S. Dist. LEXIS 162552, at *9 (S.D. Tex. Sep. 29, 2017) (Hanen, J.). "Although [Plaintiff] [does]

132642103.1

not have to submit evidence to establish a prima facie case of discrimination at this stage, [s]he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). "Courts, in considering motions to dismiss discrimination claims, typically look to the elements of a prima facie case to determine whether the plaintiff has plead a valid claim for relief." *Toronka v. Cont'l Airlines, Inc.*, 649 F. Supp. 2d 608, 611 (S.D. Tex. 2009) (Harmon, J.).

### 1. Plaintiff fails to allege facts that show Plaintiff was qualified for the position Plaintiff held.

15. "Whether a claim is for age, disability, or sex, common threads run through each of the three types of discrimination claims above: to make out a prima facie case a plaintiff **must** always show that [s]he was qualified for the job." *Rodriguez*, LEXIS 162552 at *10 (emphasis added). "A plaintiff who cannot show that [s]he is qualified cannot establish a prima facie case." *Id*. It is clear from Plaintiff's allegations – and critically fatal to Plaintiff's claim – Plaintiff fails to plead factual allegations showing Plaintiff was qualified for the position Plaintiff held. Absent any allegations the Plaintiff was qualified for the position the Plaintiff held—an "ultimate element" of Plaintiff's claim—Plaintiff has not alleged a plausible claim of race discrimination under Title VII. *Id*.

### 2. Plaintiff fails to allege facts showing Plaintiff was treated less favorably than other similarly situated employees not in Plaintiff's protected class.

16. "To satisfy the fourth element, a plaintiff must point to a comparator who was similarly situated and received more favorable treatment." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 340 (5th Cir. 2021) (internal quotations omitted). The plaintiff "must establish that the comparator was treated more favorably than the plaintiff under nearly identical circumstances." *Id*. "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared

132642103.1

the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id*. Plaintiff fails to identify a comparator who was treated more favorable under similar circumstances.

17. Accordingly, "[Plaintiff's] complaint [] did not allege any facts, direct or circumstantial, that would suggest [the City's] actions were based on [Plaintiff's] [sex] or that [the City] treated similarly situated employees of other [sex] more favorably." *Raj v. La. State Univ.,* 714 F.3d 322, 331 (5th Cir. 2013). Not only does Plaintiff make no attempt to allege facts showing the City fired Plaintiff because of Plaintiff's sex, but Plaintiff fails to "allege facts sufficient to support a finding that [s]he was treated less favorably than others outside of [her] protected class." *Olivarez v. T-Mobile USA, Inc*., 997 F.3d 595, 600 (5th Cir. 2021) (internal quotations omitted). "Plaintiff's current pleading not only fails to provide names of comparators, it fails to allege even generally that similarly situated employees outside [Plaintiff's] protected group were treated more favorably. Therefore, Plaintiff's Complaint fails to state a plausible claim for relief and Defendant's Motion to Dismiss Plaintiff's [sex] discrimination claim should be granted." *Thomas v. DeJoy*, No. 4:22-CV-3157, 2023 U.S. Dist. LEXIS 118802, at *6 (S.D. Tex. May 23, 2023) adopted by *Thomas v. DeJoy*, No. 4:22-CV-3157, 2023 U.S. Dist. LEXIS 117610, at *1 (S.D. Tex. July 10, 2023) (Lake, J.).

**D. Plaintiff fails to state a claim for hostile work environment under Title VII.**

18. "To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known

132642103.1

of the harassment and failed to take prompt remedial action." *Kidd v. City of Hous.*, No. 4:17-CV-01695, 2019 U.S. Dist. LEXIS 220513, at *15-16 (S.D. Tex. Feb. 7, 2019) (Hanen, J.).

### 1. Plaintiff fails to allege facts showing Plaintiff suffered unwelcomed harassment.

19. "Title VII does not prohibit all harassment." *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022). "The standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). The Fifth Circuit defines unwelcomed sexual harassment as "sexual advances, request for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee." *Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir. 1989). The Plaintiff's allegations regarding Mayor Burton's comment as a matter of law does not rise to the level of sexual harassment.

20. "To be actionable, the work environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Chhim v. Univ. of Hous. Clear Lake*, 129 F. Supp. 3d 507, 515 (S.D. Tex. 2015) (Atlas, J.) (internal quotations omitted). "These standards are intended to filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Bye,* 49 F.4th at 923 (citing *Faragher*, 524 U.S. at 788. ""[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) do not suffice to alter the terms and conditions of employment." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021). At worst, Plaintiff's allegations regarding Mayor Burton's comment would be no more than "insensitive statements [that] do not give rise to a hostile-work-environment complaint; they were no more than [allegedly] "a few harsh words." *Id*. Plaintiff's

own pleading admissions show, if anything, that Mayor Burton's alleged comment was no more than an isolated incident, which is not actionable. *Saketkoo v. Adm'rs of the Tulane Educ. Fund*, 31 F.4th 990, 1003 (5th Cir. 2022).

### 2. Plaintiff fails to alleged any harassment was based on Plaintiff's protected classification.

21. Not all perceived workplace harassment is actionable; only that which is based on a protected status may give rise to such a claim. Here, as in *Raj,* Plaintiff "does not allege any facts that link the alleged harassment with [Plaintiff's] [sex]." *Raj v. La. State Univ*., 714 F.3d 322, 331 (5th Cir. 2013). The comment Plaintiff contends amounts to harassment that Mayor Burton made to Plaintiff – such as calling Plaintiff the overweight lover – is not only not actionable harassment as a matter of law, but it is not based on Plaintiff's protected classification because weight is not a protected classification under Title VII. *Armstrong*, 997 F.2d at 67 n.19; *Delta Air Lines, Inc*., LEXIS 16105, at *5; *Smith*, LEXIS 46082, at *12; *Flores*, LEXIS 107895, at *7.

22. To be sure, "[a]n employee's subjective belief that the hostilities they were facing were based on [sex], alone, is not sufficient for a hostile work environment claim." *De La Garza v. Kempthorne,* No. H-08-2566, 2010 U.S. Dist. LEXIS 34561, at *17 (S.D. Tex. Apr. 8, 2010) (Miller, J.). Compare also, *Hamilton v. Tex. DOT*, 206 F. Supp. 2d 826, 837 (S.D. Tex. 2001) (Rosenthal, J.). "As [Plaintiff] has not alleged any connection between [Plaintiff's] [sex] and the harassment alleged in the complaint, [s]he has not pled a claim of hostile work environment that raises [Plaintiff's] right to relief above the speculative level." *Raj*, 714 F.3d at 331.

### 3. Plaintiff fails to allege facts showing any alleged harassment affected a term, condition, or privilege of Plaintiff's employment.

23. "In order for a hostile environment to be actionable, it must be permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the

132642103.1

conditions of the victim's employment." *Alex v. Mgmt. & Training Corp.,* 995 F. Supp. 2d 636, 639 (S.D. Tex. 2012) (Hanen, J.) (internal quotations omitted). "Whether a workplace constitutes a hostile work environment depends on several factors, including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*.

24. Plaintiff complains that Mayor Burton referred to Plaintiff as the overweight lover on one identified occasion. But, as a matter of law, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Dela Cruz v. St. John's Sch.*, No. 4:19-CV-04590, 2021 U.S. Dist. LEXIS 218062, at *19 (S.D. Tex. Nov. 10, 2021) (Hanen, J.). At most, Plaintiff has shown Mayor Burton's comment was a "mere offensive utterance[], which also cuts against finding a sufficiently hostile environment in this case." *Mgmt. & Training Corp.,* 995 F. Supp. 2d at 639.

25. Plaintiff's complaint is also absent any factual allegation – let alone with the required specificity – that Mayor Burton's alleged isolated comment was physically threatening to Plaintiff or unreasonably interfered with Plaintiff's work, which is required to state a claim. *Id*.

26. Moreover, Plaintiff's own allegations bely any suggestion that the harassment she experienced "interfered with [her] work performance." *Alaniz v. Zamora-Quezada,* 591 F.3d 761, 771 (5th Cir. 2009)

**E. Plaintiff fails to state a claim for retaliation under Title VII.**

F. For a retaliation claim under Title VII, Plaintiff must allege facts that show: "(1) [s]he engaged in a protected activity; (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Mgmt. & Training Corp*., 995 F.

Supp. 2d at 640. "A protected activity, for purpose of showing Title VII retaliation claim, is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Marbley v. Teamster Local 988*, No. 4:22-cv-3396, 2023 U.S. Dist. LEXIS 127194, at *18 (S.D. Tex. July 24, 2023) (Hanen, J.).

### 1. Plaintiff did not engage in protected activity.

G.      Plaintiff does not allege Plaintiff participated – on behalf of herself or any other employee – in any Title VII investigation before the City fired Plaintiff. Thus, the participation clause is irrelevant. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000). Moreover, as discussed in length *supra*, Plaintiff also fails to allege Plaintiff engaged in protected activity by opposing an unlawful practice under Title VII because the alleged comment Plaintiff complained of – the overweight lover – had nothing to do with a classification Title VII protects. "Title VII protects an employee only from retaliation for complaining about the types of discrimination [this statute] prohibits." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 307 (5th Cir. 2019) (emphasis added). Consequently, this important omission is fatal to Plaintiff's retaliation claim, where, as here, Plaintiff "has not alleged that she complained of any sex-based discrimination . . . [Plaintiff] fails to state a prima facie case of retaliation under Title VII." *Young-Trezvant*, LEXIS 193413 at *13.

H.      Plaintiff also failed to engage in protected activity because Plaintiff's only complaint was to Mayor Burton, the alleged harasser. "Even if plaintiff did complain to [Mayor Burton] about [Mayor Burton's] harassment, such complaints would not form the basis for a retaliation claim."

*Simon v. Par. of Jefferson*, No. 09-300, 2010 U.S. Dist. LEXIS 17950, at *14 n.23 (E.D. La. Feb. 26, 2010).

> **2. Assuming *arguendo*, Plaintiff could show Plaintiff engaged in protected activity, Plaintiff still fails to allege facts that show the City fired Plaintiff because of Plaintiff's protected activity.**

I.   "A plaintiff asserting a Title VII retaliation claim must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Lewis v. TransCanada USA Servs.,* No. 4:20-cv-3749, 2022 U.S. Dist. LEXIS 140913, at *13 (S.D. Tex. Aug. 8, 2022) (Hanen, J.). "[T]he mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a prima facie case." *Miller v. Univ. of Hous.,* No. 4:15-CV-2927, 2023 U.S. Dist. LEXIS 179287, at *8 (S.D. Tex. Oct. 4, 2023) (Hanen, J.). "Title VII does not protect opposition to all forms of unscrupulous conduct." *Olicia v. Methodist Hosp.,* No. H-21-1184, 2022 U.S. Dist. LEXIS 12044, at *41 (S.D. Tex. Jan. 24, 2022) (Rosenthal, J.).

J.   Other than Plaintiff's subjective belief and conclusory allegations – which this Court rejects – Plaintiff's allegations fall well short of alleging causation. Plaintiff's "conclusory allegations and personal belief" the City retaliated against Plaintiff for complaining about Mayor Burton's comment are insufficient to establish retaliation claim. *Edison v. Avalon Corr. Servs.*, No. H-16-683, 2018 U.S. Dist. LEXIS 148290, at *23 (S.D. Tex. Aug. 29, 2018) (Hanen, J.).

K.   Plaintiff alleges Mayor Burton called Plaintiff the overweight lover, which Plaintiff admits is related to Plaintiff's weight. As such, the City could not have retaliated against Plaintiff based on Plaintiff's sex where, as here, Plaintiff complained about a comment unrelated to Plaintiff's sex.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint against the City.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
S.D. Tex. Bar No. 8791
Antonio "Tony" Ramirez, III
Texas Bar No.: 24113672
S.D. Tex. Bar No. 3515678

## CERTIFICATE OF SERVICE

On January 8, 2024, I filed and served the foregoing document through the Court's CM/ECF system in compliance with the Court's local rules.

*/s/ William S. Helfand*
William S. Helfand

132642103.1