United States District Court
Southern District of Texas
**ENTERED**
July 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE STEWART, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-04387 |
| | § | |
| CITY OF ARCOLA, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant City of Arcola's ("the City" or "Defendant") Motion to Dismiss. (Doc. No. 8). Plaintiff Suzanne Stewart ("Stewart" or "Plaintiff") responded in opposition. (Doc. No. 10). The City replied. (Doc. No. 11). For the reasons explored below, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the City's motion to dismiss. (Doc. No. 8).

## BACKGROUND

Stewart filed this employment discrimination lawsuit against the City, her former employer, for sex discrimination and retaliation under Title VII. Stewart is a biracial female who was employed by the City of Arcola as a police officer between 2019 and 2021. In 2021, at a City-sponsored barbeque cookoff, Stewart alleges that Arcola's mayor Fred Burton ("Burton") made a public announcement over a microphone in which he referred to Stewart as an "overweight lover." (Doc. No. 1 at 2). She further alleges that Burton referred to her as "Mrs. Stewart" rather than "Officer Stewart." (*Id.*). Stewart allegedly made several complaints about Burton's behavior but was met with "the same response," that "Fred Burton [is] the mayor and could do what he wanted to." (*Id.*). Stewart also appears to allege that Burton made other "sexually inappropriate comments

to and about her," but does not provide further specifics. She further alleges that she complained to the mayor about his conduct. Several weeks later, she was terminated. Based on these instances, Stewart claims that her termination was pretextual and retaliatory and that Burton's behavior was "severe and pervasive" such that it altered the terms and conditions of Stewart's employment.

The City filed this Motion to Dismiss, arguing that Stewart's complaint fails to state a claim of sex discrimination, hostile work environment, or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## LEGAL STANDARD

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for

relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

At the outset, the parties disagree about the relevant pleading standard for employment discrimination cases under Title VII. The City argues that Stewart needs to allege facts to support each element of a *prima facie* case of sex discrimination and retaliation to survive a 12(b)(6) motion to dismiss. Stewart responds that the City "conflates" the motion to dismiss standard with the summary judgment standard and that she "need not provide a concrete factual basis for every claim she makes at the pleading stage." (Doc. No. 10 at 3).

At the motion to dismiss stage, the complaint is liberally construed in favor of the plaintiff and all reasonable inferences are drawn in favor of the plaintiff's claims. Nonetheless, "conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss." *Toronka v. Contl. Airlines, Inc.*, 649 F. Supp. 2d 608, 611 (S.D. Tex. 2009). In considering motions to dismiss discrimination claims, courts "typically look to the elements of a *prima facie* case to determine whether the plaintiff has plead a valid claim for relief." *Id.* Although Stewart does not need to meet the heightened evidentiary burden reserved for the summary judgment stage, she does need to plausibly allege facts that tend to establish that the City is liable for the alleged conduct – the Court will accordingly look to the *prima facie* elements of each claim as a guide to determine whether Stewart's claims survive a 12(b)(6) motion to dismiss.

### A. Sex discrimination under Title VII

"Under Title VII, it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

3

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Hamilton v. Dall. Cty.*, 79 F.4th 494, 502 (5th Cir. 2023). To plead a disparate-treatment claim under Title VII, a plaintiff must allege facts plausibly showing (1) an adverse employment action, (2) taken against a plaintiff because of her protected status. *Id.* Accepting the allegations as true, Mayor Burton publicly called plaintiff an "overweight lover," which (taken in the light most favorable to the plaintiff) could be considered a gender-based remark. Burton also allegedly called her "Mrs. Stewart" rather than "Officer Stewart." (Doc. No. 1 at 2). Plaintiff was later terminated. Based solely on those alleged facts, Plaintiff claims that "but for her gender," she would not have been terminated from her position as a police officer (or, in the alternative, that her gender was a "motivating factor" in her termination).

"In order to make a sufficient claim of disparate treatment under Title VII, a plaintiff must 'plead sufficient facts on all of the ultimate elements' to make her case plausible." *Jenkins v. State Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017). Stewart has failed to do so here. She has pleaded that she belonged to a protected class (female), but she has not pleaded facts leading to a reasonable inference that she was terminated because of her gender. The "overweight lover" comment, without more, is not sufficient to tie her termination to her protected status. The allegation that her termination would not have occurred "but-for" her gender (or even that her gender was a "motivating factor" in her termination") is therefore conclusory. Plaintiff's disparate treatment claim is deficient as currently pleaded and Defendant's motion to dismiss is granted as to this claim.

### B. Hostile Work Environment[1]

To survive summary judgment on a hostile work environment claim under Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she suffered unwelcomed harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment "affected a term, condition, or privilege of employment"; and (5) "the employer knew or should have known" about the harassment and "failed to take prompt remedial action." *West v. City of Houston*, 960 F.3d 736, 741–42 (5th Cir. 2020) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

Of course, at the 12(b)(6) stage, Stewart does not need to bring forth evidence raising a fact issue as to each of these factors. The Court must accept all well-pleaded allegations as true. Stewart has alleged that she belongs to a protected class (female). Her complaint alleges that Mayor Burton's comments to her and about her (including the "overweight lover" remark at the barbeque cookoff) were "sexually charged" and "offensive to a reasonable person" such that they constituted harassment under Title VII. Further, Stewart alleges that the mayor's harassment was "so severe or pervasive that it altered the conditions of [her employment]." (Doc. No. 1 at 3). She further alleges that she complained to the mayor about his behavior, that he failed to take remedial action, and that she was subsequently terminated. When viewed in the light most favorable to the plaintiff, these facts are sufficient to state a claim for hostile work environment under Title VII. Defendant's motion to dismiss is denied as to Stewart's hostile work environment claim.

---

[1] Stewart's complaint does not include a separate heading for her hostile work environment claim; however, given that she alleges that Burton's behavior was "so severe or pervasive that it altered the conditions of Stewart's employment," the Court liberally construes the complaint to state a hostile work environment claim under Title VII.

### C. Retaliation

"To state a Title VII retaliation claim, the Plaintiff must allege facts that tend to establish: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Richards v. JRK Prop. Holdings*, 405 Fed. Appx. 829, 831 (5th Cir. 2010) (unpublished). The City argues that Stewart has not sufficiently alleged that she participated in any protected activity prior to her termination. "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Natl. Commun., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). In her complaint, however, Stewart claims that she engaged in protected activity when she complained to the mayor about what she reasonably believed to be unlawful discrimination. Taken as true, this qualifies as protected activity under Title VII. Furthermore, her termination is clearly an adverse employment action.

Defendant argues that Plaintiff's allegations "fall well short of alleging causation." (Doc. No. 8 at 11). She was terminated on December 14, 2021, only few weeks after the "overweight lover" comment was made at the barbeque on November 12, 2021. Stewart essentially claims that this "temporal proximity" is enough to plausibly plead a retaliation claim under Title VII. While temporal proximity standing alone is often not enough to prove causation, the Court finds that the close temporal proximity in this case is enough to satisfy the low 12(b)(6) motion to dismiss standard. *See Roy v. Veolia Envtl. Servs.*, No. 1:19-CV-00443-MJT, 2020 U.S. Dist. LEXIS 121583, at *13 (E.D. Tex. June 15, 2020). Defendant's motion to dismiss is denied as to Stewart's retaliation claim.

The Court hereby **GRANTS IN PART** and **DENIES IN PART** the City's motion to dismiss as outlined above. (Doc. No. 8).

Signed at Houston, Texas, on this the ___3rd___ day of July, 2024.

Andrew S. Hanen
United States District Judge